IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:02-86-CMC |
| v. | |
| Roger Stroman, | **Opinion and Order** |
| Defendant. | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. ECF No. 43. The Government filed a motion for summary judgment and a response in opposition to Defendant's § 2255 motion/memorandum in support of its motion for summary judgment. ECF No. 50. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. ECF No. 52. On September 1, 2016, Defendant responded to the Government's motion. ECF No. 54.

### I.  Background

On February 20, 2002, Defendant was charged in an eight count indictment in this court. ECF No. 11. On April 30, 2002, Defendant entered into a written plea agreement to plead guilty to counts 1 and 2: one count of armed bank robbery in violation of 18 U.S.C. §§ 2113 (a), (d)[1] (count 1) and one count of use of a firearm during and in relation to the armed bank robbery (count

---

[1] In its response in opposition to this § 2255 motion, the Government stated that Defendant was convicted of and sentenced for bank robbery in violation of 18 U.S.C. § 2113(a). ECF No. 50. However, the plea agreement and PSR are clear that Defendant pled guilty to armed bank robbery, in violation of § 2113(a) and (d). ECF No. 23.

2) in violation of 18 U.S.C. § 924(c).  ECF No. 23.  Defendant appeared before this court on the same day and pled guilty as above.  ECF No. 25.

On October 15, 2002, Defendant appeared for sentencing.  ECF No. 32.  The court sentenced Defendant to a total term of 294 months, consisting of 210 months on count 1 (the armed bank robbery count), and 84 months consecutive as to count 2 (the firearms count).  ECF No. 33.  Defendant appealed, but the Fourth Circuit affirmed the judgment of the district court.  ECF No. 42.

## II. 18 U.S.C. § 924(c)

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she, "during and in relation to any crime of violence or drug trafficking crime. . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ."  18 U.S.C. 924(c).

The statute defines a "crime of violence" as:

an offense that is a felony and –
(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  The first clause is known as the "force" clause, while the second is the "residual" clause.  *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).

## III. Application of *Johnson* and *Welch*

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), violates due process as it "denies fair notice to

2

defendants and invites arbitrary enforcement by judges." *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015). By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a felon-in-possession sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal.

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S.Ct. 1257 (2016), which held that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.

Defendant argues that the newly recognized right established in *Johnson* is applicable not only to the ACCA, but to § 924(c) as well, which contains a residual clause in its definition of crime of violence (§ 924(C)(3)(B)). The Fourth Circuit recently noted that it was "not persuaded" that *Johnson* applied only to the ACCA's residual clause and not the residual clause found in § 924(c)(3)(B). *See In re Creadell Hubbard*, No. 15-276, __ F.3d __, 2016 WL 3181417, at *3 (4th Cir. June 8, 2016). Although dealing with the standard for review of an application under § 2244 for permission to file a second or successive § 2255 motion, instead of the standard for relief under § 2255, the Fourth Circuit suggested that the residual clause of § 924(c) may also be invalidated by *Johnson*. *Id.* Defendant also argues that his conviction for federal armed bank robbery is not categorically a crime of violence under the § 924(c) force clause.

### IV.    Discussion

In this case it is not necessary to make a determination whether the residual clause in § 924(c)(3)(B) is unconstitutional under the vagueness rationale of *Johnson*. Binding precedent in the Fourth Circuit makes clear that federal armed bank robbery pursuant to 18 U.S.C. § 2113(d)

3

qualifies as a "crime of violence" under the force clause of § 924(c)(3)(A). *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016). In *McNeal*, the defendants were convicted of armed bank robbery in violation of § 2113(d). *Id.* at 152. The elements of armed bank robbery are:

> (1) the defendant took, or attempted to take, money belonging to, or in the custody, care, or possession of, a bank, credit union, or saving and loan association; (2) the money was taken 'by force and violence, or by intimidation'; (3) the deposits of the institution were federally insured; and (4) in committing or attempting to commit the offense, the defendant assaulted any person, or put in jeopardy the life of any person, by the use of a dangerous weapon or device.

*Id.* The Fourth Circuit determined that the second element, that the money was taken "by force and violence, or by intimidation," is an element requiring the use, attempted use, or threatened use of force, and therefore satisfies the force clause of § 924(c). *Id.* at 153. While the defendants argued that the "intimidation" prong did not satisfy the level of force required for a "crime of violence" under the force clause, the Fourth Circuit disagreed. *Id.* at 154 ("[T]o qualify as intimidation, the degree of 'force' threatened must be violent force – that is, force capable of causing pain or injury."). The court also rejected challenges based on *mens rea*[2] and precedent purportedly interpreting "intimidation" to encompass threats to cause bodily injury yet not utilize violent physical force. *Id.* at 155-56. Therefore, the Fourth Circuit held that federal armed bank robbery is a crime of violence under the force clause of § 924(c). *Id.* at 157.

Because Fourth Circuit precedent dictates that Defendant's underlying conviction for federal armed bank robbery is a crime of violence under the force clause of § 924(c), a

---

[2] Defendants argued that *United States v. Woodrup*, 86 F.3d 359 (4th Cir. 1996) meant that bank robbery can be committed recklessly by intimidation, and therefore cannot be classified as a crime of violence under the § 924(c) force clause. However, the court held that federal bank robbery qualifies as a crime of violence due to the requirement of general intent.

4

determination that the residual clause of § 924(c) is unconstitutional would not afford Defendant any relief. Defendant's conviction under § 924(c) is based on a valid underlying offense and therefore must stand.

### V.     Conclusion

Defendant's challenge to his conviction under § 924(c) fails because the conviction is predicated on federal armed bank robbery, a crime of violence under the § 924(c) force clause. The Government's motion for summary judgment is granted and Defendant's § 2255 motion is hereby **dismissed**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

                                                s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 30, 2016

6